# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 25-0575V**

RHEAMYRL JUBELAG CASTILLO,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: October 5, 2026

*Bruce William Slane, Law Office of Bruce W. Slane, P.C., White Plains, NY, for Petitioner.*

*Naseem Kourosh, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On April 2, 2025, Rheamyrl Jubelag Castillo filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.[2] (the "Vaccine Act"). Petitioner alleges that she suffered from Guillain-Barré Syndrome ("GBS") following an influenza ("flu") vaccine received on October 25, 2023. Petition at ¶¶ 3, 72. On February 20, 2026 I issued a decision awarding compensation to Petitioner based on Respondent's proffer. ECF No. 45.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $50,316.82 (representing $45,794.90 in fees plus $4,521.92 in costs). Motion for

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Attorneys' Fees and Costs ("Motion") filed July 2, 2026, ECF No. 51. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. ECF No. 51-3.

Respondent reacted to the motion on July 13, 2026, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Response at 2-4, ECF No. 52. However, Respondent has questioned fees and associated costs for an in-person visit to Petitioner's home in Austin, Texas. *Id.* at 4, FN 2. As this case was conceded, Respondent states that he is unclear as to why this visit needed to be held in person rather than remotely. *Id.*

On July 13, 2026, Petitioner filed a reply and addressed Respondent's concerns regarding the visit to Petitioner. ECF No. 53. Petitioner's counsel stated that that "an in-person meeting was highly conducive to resolving the matter, especially considering the client and I had never met." *Id.* at 1. He continued that:

> An in-person setting allowed me to comprehensively review the particular settlement with the client, discuss its underlying factors, ensure the client's full agreement and satisfaction, and explain the specific nuances. This direct visit contributed to the expeditious resolution of the case. Furthermore, I spent considerably more time than 48 minutes meeting with the client. Nevertheless, I only billed for 48 minutes, as I treated the additional time spent as a professional courtesy and a gesture of goodwill in an effort to keep the overall billing for the trip cost-effective.

*Id.* at 1. I see no reason to reduce any fees or costs associated with this request.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates. Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 51-2. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $50,316.82 (representing $45,794.90 for attorneys' fees and $4,521.92 for attorneys' costs) to be paid through an ACH deposit to petitioner's counsel's**

**IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.